UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TOMMY J. DENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:10-CV-249 |
| v. | ) |
| | ) Collier / Carter |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# **M E M O R A N D U M**

Plaintiff Tommy J. Denton ("Plaintiff") brought this action on November 17, 2010, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff a period of disability and disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. The Court referred the matter to United States Magistrate Judge William B. Mitchell Carter, pursuant to 28 U.S.C. § 636(b) and in accordance with Fed. R. Civ. P. 72(b) for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for summary judgment (Court File No. 11) and Defendant's motion for summary judgment (Court File No. 17). The magistrate judge filed an R&R (Court File No. 19) recommending Plaintiff's motion for summary judgment be denied (Court File No. 11), Defendant's motion for summary judgment be granted (Court File No. 17), and the Commissioner's decision be affirmed. Plaintiff timely filed an objection to the R&R (Court File No. 20). For the following reasons, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's R&R (Court File No. 19).

**I.    STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection

is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681.

If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999). If the ALJ's decision was not supported by substantial evidence, the Court should typically reverse and remand the case for further administrative proceedings. However, when "the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking," the court may reverse the decision and award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

## II. DISCUSSION[1]

Plaintiff objects to the magistrate judge's R&R for several reasons. First, Plaintiff claims the ALJ erred in rejecting the opinion of Dr. Purswani. Second, Plaintiff argues the ALJ relied upon vocational expert ("VE") testimony that conflicts with the *Dictionary of Occupational Titles* ("DOT"). Finally, Plaintiff asserts the ALJ failed to give proper weight to the opinion of Dr. Salamone and made a credibility determination that was not based upon an evaluation of all relevant evidence. Given that the magistrate judge affirmed the ALJ's decision in spite of these alleged errors, Plaintiff objects to the R&R. The Court will address each of Plaintiff's arguments in turn.

### A. Dr. Purswani's Opinion

Plaintiff contends the ALJ improperly rejected the opinion of consultative medical examiner Krish Purswani, M.D., and claims the magistrate judge inadequately addressed this issue in the R&R. However, this Court is in agreement with the conclusions reached by the magistrate judge for the following reasons. First and foremost, the magistrate judge properly concluded that the ALJ's decision was supported by substantial evidence, which is the primary lens through which the ALJ's decision should be reviewed. In the RFC determination section, the ALJ began by discussing the evidence considered and the amount of weight given to that evidence. The first paragraph reads as follows:

> In making this finding, the undersigned has considered all opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. The undersigned has considered the objective medical findings of Dr. Chapman, Dr. Austin, Dr. Platt, Dr. Purswani and the treating emergency room physicians in finding that the claimant can perform light work that allows frequent postural changes. Although Dr. Purswani limited the claimant to sedentary work, this

---

[1] Because Plaintiff does not object to the magistrate judge's basic recitation of the facts, the Court will not repeat them here.

opinion is inconsistent with the overall medical evidence of record, and is not consistent with Dr. Purswani's own findings on examination. The undersigned has also considered the opinions of the state-agency medical consultants in August 2007 and April 2008, and give[s] significant weight to same. Such opinions are consistent with the medical evidence of record. There are no medical assessments indicating total and permanent disability. To the contrary, the record as a whole does not negate the ability for light work that allows frequent postural changes.

(Tr. 28).

Plaintiff objects because he believes the ALJ did not give Dr. Purswani's opinion sufficient weight. Plaintiff is correct to note that the Code of Federal Regulations states, "[g]enerally, we give more weight to the opinion of a source who has examined you than to an opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). Here, although Dr. Purswani did not have an ongoing treatment relationship with Plaintiff, he did examine Plaintiff on one occasion, wherein the state agency physicians did not. Based on these facts alone, Dr. Purswani's opinion would normally receive more weight than the state agency physicians' opinion.[2] However, the ALJ clearly explained why Dr. Purswani's opinion was treated differently in this circumstance. After reviewing all the medical evidence in the record, the ALJ concluded Dr. Purswani's report was inconsistent internally as well as with the record as a whole. The ALJ has a responsibility to consider an opinion's consistency with the record, and "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight [he] will give to that opinion." 20 C.F.R. § 404.1527(d)(4). The ALJ provided a thorough summarization of Dr. Purswani's medical findings as well as all other medical

---

[2] Notably, although an examining physician's opinion generally receives more weight than a nonexamining source's opinion, it is distinguishable from the opinion of a "treating source." A treating source's opinion generally receives controlling weight because a treating source is most likely to be able to provide a "detailed, longitudinal picture of [the claimant's] medical impairment(s), among other things. 20 C.F.R. § 404.1527(d)(2). This is a perspective that Dr. Purswani lacked given that he only performed one examination of Plaintiff and did not have an ongoing treatment relationship. Therefore, his opinion was not entitled to controlling weight.

4

evidence in the record, which highlighted some of those inconsistencies (Tr. 24-28), and the ALJ ultimately concluded he could not adopt Dr. Purswani's opinion limiting Plaintiff to sedentary work in light of the record as a whole.

With respect to Plaintiff's concern that the ALJ improperly gave the state agency examiners' opinion "significant weight," the amount of weight given to a nonexamining source will depend upon "the degree to which they provide supporting explanations for their opinions. . . . [this includes] the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and examining sources." 20 C.F.R. § 404.1527(d)(3). Again, the ALJ clearly explained his rationale for the weight given to the state agency physicians' opinions. The state agency physicians both reviewed Plaintiff's records, one reviewing records dating back to 2000 and the other 2005. They also both concluded Plaintiff could perform light work and distinguished Dr. Purswani's opinion as being inconsistent with the overall medical evidence (Tr. 27, 454-61, 537-44). The ALJ found their opinions to be consistent with his overall review of the record, and therefore accorded their opinions significant weight, which is in accordance with the applicable regulations.

The ALJ's review of the record was extensive, and the decision includes a thorough description of Plaintiff's medical history (Tr. 24-28). The most relevant considerations are included in the actual RFC determination. Plaintiff contends the ALJ failed to discuss the opinion from a functional consultative examination ("FCE") as well as specific aspects of Plaintiff's functional limitations. However, the ALJ included the findings and opinion of the FCE in his opinion (Tr. 26), and this therefore would have been among his considerations when he reviewed the record. The same is true for the specific findings of Dr. Purswani and other examinations in the record. The ALJ

5

is not required to discuss every piece of evidence when there is substantial evidence to reach the opposite conclusion. "While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each . . . opinion, it is well settled that 'an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Kornecky v. Comm'r of Soc. Sec.*, 2006 WL 305648, at *8-9 (6th Cir. 2006) (citing *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir.1999)). Here, viewing the record "as a whole," the ALJ concluded Plaintiff was capable of performing "light work," and this Court agrees with the magistrate judge's conclusion that the ALJ's decision was supported by substantial evidence.

### B. Vocational Expert's Testimony

Plaintiff contends the magistrate judge failed to acknowledge that the ALJ relied upon VE testimony that conflicted with the DOT. Specifically, he notes the ALJ concluded Plaintiff could perform skilled work and relied on testimony from the VE for sedentary positions that were improperly identified as "unskilled" (Court File No. 20). However, as a preliminary matter, the magistrate judge properly noted that the ALJ's RFC determination was that Plaintiff would be limited to a range of "light work," and that conclusion is supported by substantial evidence in the record as discussed earlier. Moreover, the RFC determination did not limit Plaintiff to unskilled jobs. The VE testified about several light jobs taking into account Plaintiff's profile and the RFC determination, and the ALJ incorporated this information into his decision (Tr. 30-31, 54-55). Among the positions listed by the VE were those of cashier, security guard, food prep worker, food service worker, dishwasher, and janitor (*id.*). Plaintiff has not disputed this part of the VE's testimony nor the ALJ's conclusion that these would be appropriate examples of light work taking into account Plaintiff's need for frequent postural changes.

6

Instead, Plaintiff contends the ALJ relied on inaccurate testimony provided by the VE with respect to examples of sedentary work that allow frequent postural changes. Plaintiff claims the jobs cited by the VE are all either skilled or semi-skilled despite the VE's representation that the positions were unskilled. To the extent the VE's testimony is inaccurate, however, this Court agrees with the magistrate judge's conclusion that the ALJ satisfied his responsibilities under SSR 00-4p. The ALJ inquired at the hearing as to whether the VE's testimony was consistent with the DOT, and the VE answered in the affirmative (Tr. 56); Plaintiff also did not bring the disputed issue to the attention of the ALJ. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("[T]here was a conflict between the vocational expert's testimony and the SVPs of two of the positions . . . in the DOT. . . . Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct. . . . Because Martin did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved."). Plaintiff suggests *Martin* can be distinguished because, in *Martin*, not all the jobs conflicted with the DOT and there was at least one job that Plaintiff could perform. However, for that very reason, *Martin* is applicable. Here, even if the sedentary positions noted by the VE conflict with the DOT, the ALJ still could have reasonably found that Plaintiff could perform the light work positions described by the VE because the ALJ's RFC determination was that Plaintiff could perform certain jobs within the range of light work. Plaintiff did not object to the VE's testimony regarding light work or the ALJ's inclusion of those positions in the decision. Accordingly, this Court agrees with the magistrate judge's conclusions regarding the VE's testimony.

### C. **Plaintiff's Alleged Mental Impairments and Allegations of Pain**

7

Plaintiff claims the magistrate judge failed to address the fact that the ALJ discounted Dr. Salamone's findings and expertise and gave improper weight to the opinions of the state agency medical consultants. This Court agrees, however, with the magistrate judge's conclusion that there is substantial evidence in the record to support the ALJ's decision regarding Plaintiff's mental condition. The ALJ clearly considered Dr. Salamone's findings and opinion when he reached his decision that Plaintiff's mental condition was non-severe (Tr. 24-25, 419-21). Of particular note, the ALJ considered Dr. Salamone's diagnosis that Plaintiff had "depressive disorder, NOS and a panic disorder with agoraphobia" (*id.*). However, as noted by the magistrate judge, the mere diagnosis of a particular condition does not indicate its severity. *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988). Moreover, Dr. Salamone also observed in his diagnosis that Plaintiff's results on the psychometrics revealed a negative response bias. This was taken into consideration along with all the other evidence in the record in the ALJ's determination regarding Plaintiff's mental condition (Tr. 25).

Plaintiff also argues the ALJ gave the state agency physician's findings too much weight given that he was a nonexamining source. However, as explained earlier, the ALJ must consider whether the evidence in the record is "consistent," and the amount of weight that he may gave to a nonexamining source may differ depending upon factors such as "the degree to which they provide supporting explanations for their opinions. . . . [this includes] the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and examining sources." 20 C.F.R. § 404.1527(d)(3). Here, Dr. Welch considered Plaintiff's mental health and pain-related records dating back to 2005, as well as Plaintiff's own testimony about his activities (Tr. 435). After considering the entire record, the ALJ concluded Dr. Welch's opinion was

8

consistent with the other information in the record. Therefore, the ALJ properly exercised his discretion in giving "significant weight" to the opinion of the state agency medical consultant. Ultimately, because this Court agrees with the magistrate judge's conclusion that the ALJ's decision was supported by substantial evidence, Plaintiff's argument lacks merit.

On a related note, Plaintiff contends the magistrate judge summarily incorporated the ALJ's findings in his decision, which improperly focused on Plaintiff's negative response bias. However, "[c]redibility determinations are entitled to considerable deference." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 242 (6th Cir. 2002) (citing *Lee v. Sullivan*, 988 F.2d 789, 793 (7th Cir.1993)). Here, the ALJ enumerated his reasons for discounting Plaintiff's credibility in a lengthy discussion where he acknowledges both Dr. Salamone and Dr. Platt's observations, along with other evidence in the record (Tr. 28-29). Concerns that Plaintiff displayed symptom magnification, among other things, was particularly relevant in the ALJ's assessment of Plaintiff's symptoms, and in light of the evidence in the record, this was not an improper or unsubstantiated consideration. Hence, the magistrate judge properly concluded that the ALJ gave adequate consideration to Plaintiff's pain complaints in his decision.

### III. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 19). The Court will **DENY** Plaintiff's motion for summary judgment (Court File No. 11), **GRANT** Defendant's motion for summary judgment (Court File No. 17), and **AFFIRM** the Commissioner's decision.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**